EVERETT J. NORTON ET AL. v. JOHN WICKER.

[39 South. Rep., 809.]

BASTARDY.  *Appeal by woman.  Code 1892, § 250.  Judgment.*

>   Where a woman, under Code 1892, § 250, authorizing her to do so,
>   appeals to the circuit court from the judgment of a justice of
>   the peace dismissing her complaint in bastardy proceedings, and
>   the case is decided against her in the circuit court, judgment
>   for costs is proper against her and the sureties on her appeal
>   bond, although bail had been required of the defendant by the
>   circuit court pending the suit.

FROM the circuit court of Tippah county.

HON JAMES B. BOOTHE, Judge.

A young woman, Miss Willie Cox, instituted bastardy pro-
ceedings against the appellee, John Wicker, before a justice of
the peace.    When the case came on for trial in the justice's court,
the defendant was enabled to persuade the justice of the peace
that Miss Cox was wholly mistaken touching the paternity of
her bastard child, and that there was not even ground to believe
that the appellee, Wicker, was guilty, and the justice of the peace
thereupon dismissed the proceeding.    Miss Cox, not being con-
tent with the judgment, appealed therefrom to the circuit court,
under Code 1892, § 250, giving Norton and others, appellants,
as sureties on her appeal bond.    When the suit reached the cir-
cuit•court, Miss Cox induced that court to require a bond of
defendant Wicker, conditioned for his·appearance therein at
the next term to answer the charge of bastardy, etc., and the bond
was executed.    Thereafter, at the succeeding term of the court,
plaintiff's suit was dismissed and costs were adjudged against
her and the appellants—the sureties on her appeal bond.    From
this judgment Norton and others, the appellants, sureties on the
woman's appeal bond, appealed to the supreme court.

*Spight & Spight,* for appellants.

The bond upon which appellants became sureties is espe-
cially provided for by statute, with a fixed penalty of one
hundred dollars. The sole purpose of the legislature in
allowing this appeal is that the woman complaining may
have the action of the justice of the peace reviewed by the
circuit judge. This was not to be a trial on the merits of the
case, as provided for in Code 1892, § 250, but solely for the pur-
pose of having the circuit judge pass upon one question alone—
to wit, whether or not there was probable cause for the complaint.
This bond was not an ordinary appeal bond binding the appel-
lant therein and her sureties to pay all costs in the event—on the
trial of the case on its merits, after the pleadings were made up
in the circuit court—she should be unsuccessful, but only binding
them to pay the costs of that appeal in the event the circuit judge
should affirm the judgment of the justice of the peace in holding
that there was no probable cause.

*Stephens & Stephens,* for appellee.

Counsel for appellants contend that this appeal bond is not an
ordinary appeal bond, and that the sureties were relieved from all
liability because the circuit court required the defendant to give
an appearance bond.

We take issue with them on both propositions. In what
respect does it differ from an ordinary appeal bond; or, rather,
in what respect is it different from any appeal bond? It had the
same effect, and performed the office of an ordinary appeal bond,
which is simply to take the case from one court to another and
higher court.

The fact that the phrase, "at the July term, 1903," occurs in
the bond cannot and does not restrict appellants' liability to that
term only. The bond would necessarily hold good against the
bondsmen until the final disposition of the cause. There are
numerous decisions sustaining this contention.

While it is usual to make the condition of a bond general in its terms, yet Code 1892, § 946, restrains obligors from pleading any irregularity or defect in form or the manner of execution, etc. This applies to all bonds required by law.

TRULY, J., delivered the opinion of the court.

The appeal bond provided for by Code 1892, § 250, is conditioned to "pay all costs that may be adjudged" against the party taking the appeal. Appeals permitted by that section are returnable as other appeals from justices of the peace, and are dealt with in like manner. Hence, where the final disposition of the case is adverse to appellant, judgment for costs is properly "returned against the principal and his sureties jointly." Code 1892, § 85.

*Affirmed.*